IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AKINSOPE TUBOKU-METZGER AND TAMU TUBOKU-METZGER, | : : : | |
| Plaintiffs, | : : | |
| v. | : : : | 5:06-CV-379 (CAR) |
| NATIONAL SECURITY FIRE AND CASUALTY COMPANY AND FICTICIOUS DEFENDANTS JOHN DOE A AND JOHN DOE B, | : : : : : : | |
| Defendants. | : : | |

### *ORDER ON PLAINTIFFS' MOTION TO REMAND*

Currently before the Court are Plaintiffs' Motion to Remand [Doc. 7] and, in the alternative, Plaintiffs' Motion to Join a Necessary Party [Doc. 25]. For the following reasons, Plaintiffs' Motion to Remand [Doc. 7] is **DENIED**, and Plaintiffs' Motion to Join a Necessary Party [Doc. 25] is **GRANTED**.

### BACKGROUND

Plaintiffs filed their Complaint in the State Court of Bibb County, Georgia seeking to recover under the terms of their property insurance policy issued by Defendant National Security Fire and Casualty Company ("National Security"). Plaintiffs allege that, after timely filing their insurance claim, National Security wrongfully denied coverage for property losses stemming from an extensive fire which rendered the rental property uninhabitable. Plaintiffs seek to

1

recover the principle amount of the mortgage held on the property ($48,861.81), plus interest accrued and paid since the fire loss ($2,165.73), for a total of $51,027.54, and attorney's fees (which Plaintiffs calculate to be $17,009.19–one third of Plaintiff's projected recovery). Plaintiffs also seek to recover the full fifty percent bad faith penalty authorized under O.C.G.A. § 33-4-6 and damages for loss of rental income. Defendants removed the case to this Court invoking the Court's diversity jurisdiction. Plaintiffs now move the Court to remand this case back to state court, contending that the amount in controversy is insufficient to confer diversity jurisdiction.

## STANDARD OF REVIEW

A defendant may only remove a civil action brought in state court to federal court if the federal court could possess original jurisdiction over the matter. 28 U.S.C. § 1441(a). In this instance, Defendants premise removal on diversity jurisdiction, which exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). Section 1441, the removal statute, is construed narrowly by the removal court. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, all uncertainties are resolved in favor of remand. See id.

## DISCUSSION

Where, as here, the plaintiffs make an unspecified demand for damages in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [the $75,000.00 jurisdictional limit]." Tapscott v. M.S.

2

Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); see also Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount in controversy is not facially apparent from the complaint, the court must examine the notice of removal and any evidence submitted by the parties. Leonard, 279 F.3d at 972.

In this case, although Plaintiffs did not specify an amount in controversy or the total amount of damages sought in state court, it is "facially apparent" from their Complaint that the jurisdictional amount-in-controversy requirement is satisfied. While Plaintiffs contend they only seek to recover damages in the amount of $68,036.72–which includes $48,861.81 for the principle on the mortgage, $2,165.73 for the interest accrued, and $17,009.18 for attorney's fees–Plaintiffs' calculation fails to include any damages they may recover on their claims against National Security for bad faith and loss of rental income. On their bad faith claim, Plaintiffs seek the full fifty percent penalty authorized under O.C.G.A. § 33-4-6. Fifty percent of the liability of the insurer for the loss– here $51,027.54–is $25,513.77. Added together, the amount in controversy is at least $93,549.97–$51,027.54 for the mortgage principle and interest, plus $17,009.18 in attorney's fees, plus $25,513.77 in potential statutory bad faith penalties. Because this amount clearly exceeds the statutory threshold (absent a recovery on Plaintiffs' loss of rental income claims), Defendants have sufficiently demonstrated that the amount in controversy in this case exceeds $75,000.00.

**Plaintiff's Motion to Join a Necessary Party**

Plaintiffs have also filed a motion to join Bank of America as a necessary party to this litigation pursuant to Federal Rule of Civil Procedure 19(a). Defendants do not oppose the motion. Because the joinder of Bank of America will not deprive the court of jurisdiction, and the parties agree Bank of America's presence is necessary for a full adjudication of this claim pursuant to Rule 19(a), Plaintiff's motion is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [Doc. 7] is **DENIED** and Plaintiff's Motion to Join a Necessary Party [Doc. 25] is **GRANTED**.

**SO ORDERED** this 30th day of May, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH/jab